UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DARRIEN M. DABNEY,<br><br>              Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL,<br><br>              Respondent. | Case No. 1:20-cv-00202-REB<br><br>**INITIAL REVIEW ORDER** |

Petitioner Darrien M. Dabney has filed a Petition for Writ of Habeas Corpus challenging his state court conviction, as well as a Motion to Waive the Statute of Limitations.[1] (Dkt. 3, 4.) The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, the Court enters the following Order requiring Petitioner to file a supplement to the Petition, addressing the issue of timeliness, if Petitioner intends to proceed in this case.

## REVIEW OF PETITION

**1.    Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody

---

[1] Petitioner has also attached to the Petition an "Application for Leave to File Second or Successive Petition," captioned for the Ninth Circuit Court of Appeals. *See* Dkt. 3-1. Because it does not appear that Petitioner has previously filed a habeas corpus petition, the application is unnecessary.

violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2.    Background**

Petitioner pleaded guilty in the Fourth Judicial District Court in Ada County, Idaho, to lewd conduct with a child under the age of sixteen. *See State v. Dabney*, 367 P.3d 185, 187 (Idaho 2016). Petitioner received a sentence of twenty years in prison. The judgment of conviction was entered on December 19, 2013. *See* Dkt. 3.

Although the Petition states that Petitioner did not appeal his conviction or sentence, *id*. at 2, the Court's research indicates that he did. On February 29, 2016, the Idaho Supreme Court affirmed Petitioner's sentence, the trial court's order relinquishing jurisdiction, and the denial of Petitioner's motion for reduction of sentence under Idaho Criminal Rule 35. *Dabney*, 367 P. 3d at 193. Petitioner does not disclose whether he filed a petition for writ of certiorari in the United States Supreme Court.

Petitioner did not file a petition for state post-conviction relief, but he states that he has filed another Rule 35 motion, in state court, that remains pending. Dkt. 3 at 3–4, 10.

In the instant Petition for Writ of Habeas Corpus, Petitioner claims that his counsel rendered ineffective assistance and that, as a result, Petitioner pleaded guilty instead of proceeding to trial by jury. *Id*. at 6.

INITIAL REVIEW ORDER - 2

Petitioner acknowledges that he filed his habeas petition after the expiration of the statute of limitations. *See* Dkt. 4. Though Petitioner asks to be excused from this untimeliness, the Court lacks sufficient information to make such a decision at this time. Therefore, Petitioner must file a supplement to the Petition that addresses the following analysis.

**3.     The Petition Appears Barred by the Statute of Limitations**

   ***A.     Standards of Law***

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] 28 U.S.C. § 2244(d)(1)(A). The first step in a statute of limitations analysis is determining the date on which the petitioner's conviction became final.

---

[2] Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

INITIAL REVIEW ORDER - 3

Under 28 U.S.C. § 2244(d)(1)(A), the date of "finality" that begins the one-year time period is marked as follows, depending on how far a petitioner pursues his case:

| **Action Taken** | **Finality Occurs** |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

In each of the above instances, if the petitioner stops pursuing the case and does not take the next step within the time specified, "finality" is measured from entry of final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzalez v. Thaler*, 565 U.S. 134, 150-51 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011). Thus, to the extent that a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is concluded.

The time before a petitioner files an initial application for collateral review in state court, however, does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). And AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003).

Further, each time a period of statutory tolling ends, the statute of limitations does not restart at one year but begins running at the place where it stopped before the collateral relief application was filed. Finally, to qualify for statutory tolling, the collateral relief application must be "properly filed," meaning that it conforms to state

INITIAL REVIEW ORDER - 5

rules governing conditions to filing, including filing deadlines. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

There can be an equitable tolling of the limitations period, but only under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted).

A petitioner seeking equitable tolling must show "reasonable diligence, not "maximum feasible diligence," and "whether a petitioner acted with reasonable diligence is a fact-specific inquiry." *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016). "Ordinarily, a petitioner must act with reasonable diligence both before and after receiving delayed notice that the state denied his habeas petition." *Id.* at 656; *see also Smith v. Davis*, 953 F.3d 582, 586 (9th Cir. 2020) (en banc) (denying equitable tolling because petitioner "failed to exercise reasonable diligence during the 10 months available after [the extraordinary circumstance ended] and before the time allowed by the statute of limitations expired").

In addition, there must be a causal link between the extraordinary circumstance and the untimeliness of the petition. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[E]quitable tolling is available only when extraordinary circumstances beyond a

prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of the prisoner's untimeliness.") (internal quotation marks and alteration omitted). A literal impossibility to file, however, is not required. *See Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (stating that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so.").

The statute of limitations is also subject to an actual innocence exception. A petitioner who satisfies the actual innocence gateway standard may have his otherwise time-barred claims heard on the merits. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A claim may be heard under the miscarriage of justice exception only if "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit.

This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence analysis "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

### B.   Discussion

Assuming that, after the Idaho Supreme Court affirmed Petitioner's conviction and sentence, he did not file a petition for certiorari in the United States Supreme Court, Petitioner's conviction became final on May 29, 2016—90 days after the Idaho Supreme Court's decision—when the time limit for filing a certiorari petition in the United States Supreme Court expired.[3] Thus, the statute of limitations expired on May 29, 2017.

---

[3] If Petitioner did file a petition for writ of certiorari with the United States Supreme Court, he must describe that petition in his supplement, including the date it was filed and the date it was granted or denied. If a certiorari petition was granted, Petitioner must also describe the later proceedings in the U.S. Supreme Court.

Petitioner did not file the instant Petition until April 27, 2020, at the earliest,[4] making the Petition over three years late. As a result, the Court must dismiss the instant Petition unless Petitioner establishes that he is entitled to statutory or equitable tolling sufficient to render the Petition timely or if he is actually innocent.

Petitioner's currently pending Rule 35 motion may be considered an application for collateral relief that, theoretically, could statutorily toll the one-year statute of limitations. *See Wall*, 562 U.S. 555–56. However, to do so, that Rule 35 motion must have been filed before the expiration of the statute of limitations period on May 29, 2017. *See Ferguson*, 321 F.3d at 822. Given that the Rule 35 motion remains pending in 2020, that possibility is unlikely. Therefore, in the supplement, Petitioner must include the filing date and other relevant facts of the pending Rule 35 motion.

Further, the current record does not support a conclusion that Petitioner is entitled to equitable tolling. Petitioner states that the reasons he did not file a habeas petition earlier are that he has mental illness and that he did not know what a habeas corpus petition was. Dkt. 4 at 1. These vague assertions are insufficient to establish extraordinary circumstances warranting the application of equitable tolling.

Ignorance of the law is not a basis for equitable tolling. *See Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) ("[T]his standard [for equitable tolling] has never been satisfied by a petitioner's confusion or ignorance of the law alone."). And as for

---

[4] Prisoners are usually entitled to the benefit of the "mailbox rule," which provides that a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

Petitioner's mental illness, there is insufficient information at this point for the Court to conclude that equitable tolling is justified.

A petitioner's mental impairment permits equitable tolling of AEDPA's statute of limitation if the petitioner makes two showings. *Laws v. Lamarque*, 351 F.3d 919, 922–23 (9th Cir. 2003). First, the petitioner must establish that the mental impairment "was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." *Bills v. Clark*, 628 F.3d 1092, 1099–100 (9th Cir. 2010). Second, "the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Id*. at 1100.

The causation prong of the mental impairment inquiry requires that the petitioner's mental impairment be the but-for cause of the untimely filing—that is, if the petitioner had not been mentally impaired, then he would have filed a timely petition. A petitioner's mental impairment "might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure." *Id*. However, the petitioner "always remains accountable for diligence in pursuing his or her rights." *Id*. Petitioner should keep these standards in mind if he files a supplement.

Finally, there is nothing in the Petition to suggest that Petitioner could meet the high standards required to show actual innocence to avoid dismissal for untimeliness.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner must pay the $5.00 filing fee when he next receives funds in his prison trust account.

2. Petitioner's Motion to Waive Statute of Limitations (Dkt. 4) is DENIED without prejudice.

3. Petitioner's Motion to Suspend Writ of Habeas Corpus, construed as a motion to stay (Dkt. 9), is DENIED without prejudice. If Petitioner establishes that his Petition is timely, the Court will consider whether a stay is appropriate under *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

4. Within 60 days after entry of this Order, Petitioner must file a supplement to his Petition as described above, setting forth any reason why Petitioner believes the Petition is not subject to dismissal as untimely. If Petitioner fails to file a supplement, or if the supplement fails to establish that the Petition is timely, this case may be dismissed without further notice.

DATED: June 1, 2020

Ronald E. Bush
Chief U.S. Magistrate Judge